1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN R.,[1]<br><br>                          Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO, Commissioner of<br>Social Security,[2]<br><br>                          Defendant. | Case No.: 24-cv-2210-RSH-JLB<br><br>**ORDER VACATING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff Lauren R. brings this action for judicial review of the denial, by the Commissioner of Social Security (the "Commissioner"), of her applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. The Parties have fully briefed the merits. ECF Nos. 11, 13, 14. As set

---

[1]     In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to Plaintiff by using her first name and last initial.

[2]     Frank Bisignano became Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Mr. Bisignano as the defendant in this action.

forth below, the Court vacates the decision of the Commissioner and remands the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY

On August 26, 2022, Plaintiff filed her applications for disability insurance benefits. Administrative Record ("AR") at 213-27. The State agency responsible for evaluating disability claims on the Social Security Administration's behalf determined that Plaintiff was not disabled upon initial review and on reconsideration. AR 68-69, 114-15. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 160. On April 25, 2024, an ALJ held a hearing at which Plaintiff and a vocational expert testified. AR 39-67.

On June 21, 2024, the ALJ issued a decision (the "ALJ's Decision") finding that Plaintiff was not disabled. AR 19-33. The ALJ's Decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 23, 2024. AR 1-3.

On November 27, 2024, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). ECF No. 1.

## II.    THE ALJ'S DECISION

The Social Security Act provides disability benefits under two programs, known by their statutory headings as Title II and Title XVI. Title II "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need" and Title XVI "provides supplemental security income benefits to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (quotations omitted). "To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Federal regulations provide the following five-step procedure for determining disability:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

An ALJ evaluates each step in order unless and until a finding of disability or non-disability is made. *Id.* "The claimant has the burden of proof for steps one through four, and the Commissioner has the burden of proof for step five." *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The ALJ's Decision, applying the five-step procedure, determined that Plaintiff was not disabled as defined in the Social Security Act. AR at 19-33. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2020, the

alleged onset date. AR 24. At step two, the ALJ found that Plaintiff had the following severe impairments: chronic ischemic heart disease, degenerative disc disease, and tachycardia. AR 25. At step three, the ALJ found that the severity of Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 26. The ALJ then made the following determination of Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and/or carry the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday; and she can occasionally climb ladders, ropes, or scaffolds, ramps or stairs, stoop, balance, kneel, crouch, and crawl.

AR 26-27. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a companion, hypnotherapist, laundry folder, and sales representative in education services. AR 30. The ALJ concluded that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. AR 30. The ALJ went on to reach the fifth step as an alternative holding, and considered that testimony of the vocational expert that Plaintiff could perform the requirements of representative occupations such as marker, assembler II of small products, and housekeeper cleaner. AR 32. The ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." AR 32.

## III.    LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if "it is either not supported by substantial evidence or is based upon legal error."

*Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)).

The substantial evidence standard requires a reviewing court to "look to the existing administrative record and ask whether it contains sufficient evidence to support the agency's factual determinations." *Id.* (citing *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019)) (cleaned up). Substantial evidence means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (citations omitted). "Overall, the standard of review is highly deferential." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (citation omitted). Thus, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods*, 32 F.4th at 788 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

A reviewing court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The ALJ is responsible for determining credibility, and for resolving conflicts in medical testimony as well as any ambiguities in the record. *Id.* The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* at 1010; *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) ("[C]ourts can consider only the reasons the ALJ asserts.") (internal quotation marks and citation omitted).

A court may also reverse the Commissioner's denial of benefits if the denial is based on legal error. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 929 (9th Cir. 2014). However, even if the Court finds the ALJ committed legal error, a court may not reverse an ALJ's decision if the error is harmless, "which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Id.* at 929

1 | (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). Section 405(g)
2 | permits a court to enter judgment affirming, modifying, or reversing the Commissioner's
3 | decision, or to remand the matter to the Social Security Administration for further
4 | proceedings. 42 U.S.C. § 405(g).

## IV.    ANALYSIS

Plaintiff contends that (1) "the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's allegations of pain and physical dysfunction"; and (2) "the ALJ failed to properly evaluate the treating medical source opinion of Plaintiff's primary care provider, Shannon Baker, NP." ECF No. 11 at 2, 10. The Court addresses these contentions in turn.

### A.    Plaintiff's Testimony

"When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022)). An ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (cleaned up). "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id.* at 498. Indeed, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Id.* at 499 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)). However, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). An ALJ must identify "what testimony is credible and what testimony undermines the claimant's complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). "The standard isn't whether [the] court is convinced,

6

but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Here, the ALJ summarized Plaintiff's testimony regarding her symptoms and their limiting effects, and also summarized an Exertional Activities Questionnaire that she completed. AR 28. The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 28. The ALJ carefully reviewed medical records, before concluding as follows:

> Altogether, the medical evidence of record and objective evidence show that the claimant was stable with conservative treatment of acupuncture, chiropractic therapy, and medications. The medical records do show the claimant has physical impairments, related to her spine and cardiovascular systems; however, they do not support the claimant's allegations that she could not lift more than 2 pounds, be on her feet for no more than 10 minutes at a time; she said she can do simple tasks, such as meal prepping, for up to 15 minutes at a time. She said she could sit up to 15 minutes at a time. She can do short walks, that is about a circumference of a soccer field without stopping.

> Nevertheless, the undersigned took into consideration the claimant's subjective [sic] including shooting and burning pain that occurs whether she is standing, sitting, or walking. She also mentioned that with her rapid heart rate, it causes her to become dizzy and black out; she described it feeling like a heart attack, fatigue, and brain fog. She also mentioned her extremities, such as her feet and hands have turned purple and cold to the touch. Therefore, the undersigned finds it reasonable to limit the claimant to the light exertional level reflective of those not to exacerbate her heart or her musculoskeletal systems.

AR 29-30.

The foregoing passage reflects that the ALJ credited or took into consideration certain portions of Plaintiff's testimony, but declined to credit other portions of her testimony. However, this Court finds it difficult to exercise effective review of the ALJ's rationale, for two reasons. First, although it seems clear that the ALJ did not credit

7

Plaintiff's testimony "that she could not lift more than 2 pounds" or "be on her feet for more than ten minutes at a time," it is unclear whether the ALJ meant to indicate that he did—or did not—credit the remaining portions of Plaintiff's testimony mentioned in that paragraph: "she said she can do simple tasks, such as meal prepping, for up to 15 minutes at a time. She said she could sit up to 15 minutes at a time. She can do short walks, that is about a circumference of a soccer field without stopping." AR 29.

Second, to the extent the ALJ concluded that those portions of Plaintiff's testimony were "not entirely consistent with the medical evidence and other evidence in the record" [AR 288], the Court has difficulty discerning from the ALJ's Decision the nature of the inconsistency. Reviewing the ALJ's explanation of the medical evidence, the Court cannot determine whether the ALJ concluded that evidence contradicted Plaintiff's testimony, or simply that it failed to affirmatively corroborate that testimony. As reprised by the ALJ, none of the medical records appear to expressly contradict Plaintiff's testimony, even if most or all of those records do not support the entirety of her testimony. As a middle ground between directly contradicting Plaintiff's testimony and simply failing to support it, the ALJ may have concluded that some portions of the medical records were in tension with, cast doubt upon, or otherwise undermined some portions of Plaintiff's testimony. This analysis is not before the Court.

Under these circumstances, the Court determines that the ALJ's Decision fails to identify in sufficient detail "what testimony is credible and what testimony undermines the claimant's complaints," *Greger*, 464 F.3d at 972, and concludes that the rationale contained in the ALJ's Decision is not "clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. When an ALJ's denial of benefits is not supported by the record, district courts possess discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Here, Plaintiff requests a remand for further proceedings. ECF No. 11 at 15. The Court concludes that such remand is warranted.

### B.   Medical Questionnaire of Shannon Baker, Nurse Practitioner

The Administrative Record includes a two-page questionnaire completed on September 8, 2022 by Shannon Baker, Nurse Practitioner. AR 543-44. The questionnaire indicated, through checked boxes or filled-in blanks, that: Plaintiff was diagnosed with lumbar spondylosis; Plaintiff's symptoms were "seldom" associated with impairments severe enough to interfere with the attention and concentration required to perform simple work-related tasks; Plaintiff would need to recline or lie down in excess of typical workplace breaks; Plaintiff can walk "0-1" city blocks without rest or significant pain; Plaintiff can sit or stand/walk one hour in an 8-hour workday; Plaintiff would need a "15-20 min break" every hour while working; Plaintiff could use her hands and fingers 100% during an 8-hour workday, but could use her arms for reaching only 75% of the day; Plaintiff could "never" lift and carry fewer than 10 pounds in an 8-hour workday; and Plaintiff was likely to be absent from work "more than four times a month." AR 543-44. The questionnaire includes no narrative or further explanation.

The ALJ addressed Ms. Baker's evaluation as follows:

> In a Physical Assessment dated September 8, 2022, Shannon Baker, a nurse practitioner, assessed functional limitations that would preclude the claimant from working at the level of substantial gainful activity (Ex. 6F). The nurse practitioner did not provide an explanation for this assessment. The nurse practitioner primarily summarized the claimant's subjective complaints, and diagnoses, but she did not provide medically acceptable clinical or diagnostic findings to support the functional assessment. This opinion is inconsistent with the objective medical evidence as a whole already discussed above in this decision, which shows the claimant's physical examinations were generally within normal limits and that she was stable with conservative treatment. This opinion is also inconsistent with the claimant's admitted activities of daily living, which have already been described above in this decision. In addition, it is noted the nature of the claimant's impairments are outside the area of nurse practitioner's specialty.

AR 30.

Under currently applicable federal regulations, "[t]he most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a); *see generally Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (describing the Social Security Administration's 2017 amendments, currently in force, to its rules for evaluating medical evidence). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* (quoting 20 C.F.R. § 404.1520c(c)(2)). Under these regulations, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

As to supportability, the ALJ correctly noted that Ms. Baker provided no explanation for the conclusions in her questionnaire. Plaintiff contends that Ms. Baker's treatment notes provide sufficient explanation of those conclusions. ECF No. 11 at 12. Plaintiff's briefing does not identify which of the notes at issue are those of Ms. Baker. However, the Court has reviewed those of Plaintiff's citations that appear to be Ms. Baker's notes. *E.g.*, AR 524, 594, 604, 744, 750, 754, 766. None of these notes reach or undertake to explain the conclusions contained in Ms. Baker's questionnaire.

As to consistency, however—and similar to the discussion in the previous section—the ALJ's Decision lacks the level of detail needed to assess the ALJ's conclusion that Ms. Baker's opinion is inconsistent with the medical evidence as a whole. The ALJ does not articulate what portions of Ms. Baker's opinion are contradicted by or inconsistent with what portions of the medical records. Additionally, the ALJ concluded that Ms. Baker's opinion was inconsistent with Plaintiff's "admitted activities of daily living," but the Court cannot discern to which admitted activities the ALJ's Decision is referring.

The Court is already remanding based on the ALJ's rejection of Plaintiff's testimony and need not reach the question whether the ALJ's evaluation of Ms. Baker's opinion would be a separate and independent basis for remand. Nonetheless, on remand for further proceedings, the ALJ may re-address Ms. Baker's opinion as well.

## V.   CONCLUSION

For the foregoing reasons, the Court **VACATES** the ALJ's Decision of June 21, 2024, and **REMANDS** the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

Dated: August 15, 2025

_____
Hon. Robert S. Huie
United States District Judge